AUGUSTE LESSEPS *v.* CHARLES G. RITCHER, DANIEL HICKOK, Intervenor.

The lessor of a plantation has no privilege on sugar and molasses manufactured for third parties on the plantation, from cane belonging to such third person, grown on another plantation, and who simply used the sugar-mill on lessee's plantation to manufacture his cane into sugar and molasses.

Where property of a third person is seized by virtue of a writ of provisional seizure, and at the time of seizure is confused with property belonging to defendant, and the entire property is sold, and the money paid into Court to await the result of litigation, the third party having no opportunity to effect a separation of his property : ~

*Held* :—That the party so having his property sold, without authority of law, is entitled to recover from the proceeds in Court the amount which his property is established to have been worth.

APPEAL from the Sixth District Court of New Orleans, *Duplantier,* J. *P. H. Morgan* and *J. H. New,* for appellant. *Marr & Foute,* for appellee.

HYMAN, C. J. On the first of February, 1865, plaintiffs, Augusté Lesseps and Alexander Lesseps, leased to defendant a plantation for $36,000.

A part of the rent having been paid, they brought suit against the defendant to recover of him the remainder owing them, and ten per cent. thereon, (the attorney's fees agreed to be borne by defendant in the contract of lease, on the condition that it became necessary to institute suit for the recovery of their claim), and, they also caused to be provisionally seized, under a writ of provisional seizure, twenty-nine hogsheads of sugar and fifty-two barrels of molasses, having alleged that they had the lien and privilege on the same to secure the payment of their claim.

Daniel Hickok intervened in this suit, and claimed to be owner of nineteen hogsheads of the sugar and thirty-seven barrels of the molasses, seized as aforesaid, denying the alleged privilege on this part of the sugar and molasses seized, and asking to be decreed owner thereof.

The parties agreed that all the sugar and molasses seized should be sold by the sheriff—the intervenor reserving his right to the proceeds of the sale of the property claimed by him.

The sheriff sold the property. The sugar brought $4,117 82, and the molasses brought $5,420 14.

The District Judge rendered judgment in favor of plaintiffs, against defendant, for $18,000, ten per cent. thereon for attorneys fees, with interest and costs of suit; decreed that the intervenor was owner of the nineteen hogsheads of sugar and the thirty-seven barrels of molasses claimed by law, and that he was entitled to the proceeds thereof, which he declared to be $3,888 70 ; decreed that plaintiffs had no privilege on the sugar and molasses owned by intervenor, but that they had a privilege on the other hogsheads of sugar and barrels of molasses, caused to be seized by them.

He further decreed, that the proceeds of the sugar and molasses belonging to the intervenor should remain in the custody of the sheriff until he decided what proportion of the outstanding cost and charges should be borne by the intervenor.

From this judgment plaintiffs have appealed.

On the 25th day of December, 1865, all of the sugar and molasses seized was on the plantation leased by plaintiff to defendant, and was seized under said writ, on the 28th December, 1865, in the city of New Orleans.

The lessor has, for the payment of his rent, the right of pledge on the movables of his lessee, which are on the property leased. C. C. 2675. And this right continues even after the movables are taken away from the leased property, if within fifteen days after they are removed, the lessor exercises his right, and they continue to be owned by his lessee, and can be identified. C. C. 2679.

This right of pledge exists under certain circumstances, on the personal property of third persons, while the same is on the leased property; but ceases, if before the lessor exercises his right, the personal property be removed from the property leased. C. C. 2677.

If therefore the sugar and molasses claimed by intervenor belonged to defendant at the time the same was removed from the plantation let by plaintiffs to defendant, and so continued to belong up to the time of seizure, there can be no doubt that plaintiffs have the lessor's privilege on the same as they exercised their right within fifteen days, after the same was removed from the leased property. If, on the other hand, the defendant had transferred the sugar and molasses to intervenor, or if the same belonged not to defendant while on the leased plantation, but to the intervenor, he is entitled to recover his property (the sugar and molasses claimed by him) or its proceeds, unincumbered by any claim set up by plaintiffs.

It is proven that the cane converted into the sugar and molasses, claimed by the intervenor, was grown by him on a plantation cultivated by him, that the cane was taken therefrom, carried to the plantation leased by plaintiffs to defendant, for the purpose of manufacturing it into sugar and molasses, and was manufactured there into sugar and molasses, under the direction of his overseer, by his and defendant's employees; that intervenor compensated the defendant for the use of his sugar mill and his employees; that the nineteen hogsheads of sugar and the thirty-seven barrels of molasses, thus manufactured, were shipped by his overseer to New Orleans, and was in his agent's possession when seized.

The sugar and molasses produced by the manufacture of intervenor's cane, was his property, and on this property plaintiffs had no privilege to secure the payment of rent owing by defendant to them after the same was permitted to be removed from the plantation, without hinderance or process on their part to secure their alleged right of privilege.

The facts proved in this case exempt us from the necessity of decid-

Lesseps v. Ritcher.

ing whether or not the plaintiffs had a privilege on intervenor's sugar and molasses when the same was on the plantation leased by him to defendant.

The plaintiffs contend, that, as all of the hogsheads of sugar and the barrels of molasses seized, had the same mark when brought to the city, and that as the intervenor had not identified the sugar and molasses belonging to him, he cannot recover.

There is no proof that the intervenor caused the hogsheads and the barrels to be so marked as to prevent their indentity ; but there is proof that he had separated his sugar from that of defendant, and while thus separated, the plaintiffs made their seizure of his and defendant's sugar and molasses, and thereby prevented him from having control of his property to prevent confusion. They placed it in the hands of the officer of the law, who knew not the difference that was between the hogsheads of sugar and the barrels of molasses belonging to intervenor; and those of defendant, and the officer sold all without making any distinction in the property seized.

The want of proof of identity was principally caused by plaintiffs themselves in making their seizure, and we know no good reason why the intervenor, who has found that such a quantity of his property has been seized by plaintiffs without authority of law, should not get that quantity or the proceeds of the sale of the same, especially when the evidence is, that the hogsheads of sugar belonging to intervenor weighed more than an average when compared with the other sugar seized.

The judgment cannot be amended in favor of the intervenor, as he has not filed an answer to the appeal, asking it to be amended, and therefore it is unnecessary for us to inquire whether the District Judge has allowed him a sufficient amount. As the pleadings are, our only duty is to see that he has not allowed him too much.

The intervenor, without making a motion to dismiss the appeal, suggests, in his brief, that the appeal was not properly brought up because of informality, or rather insufficiency, in the order of appeal. We do not consider ourselves bound to dismiss appeals when irregularities in taking them are brought to our notice in this informal manner. We feel less bound to notice the suggestions in the brief, as the omission, if any, was a mere clerical omission.

It is decreed that the judgment of the lower Court be affirmed, appellant to pay costs of appeal.