No. 3695

Second Circuit

(Second Division)

HINCKLEY v. CAULEY
(McDADE, Intervener)

(July 16, 1931. Opinion and Decree.)

Harry V. Booth, of Shreveport, attorney for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant and intervener.

STEPHENS, J. The plaintiff, alleging that the defendant is indebted to him in the sum of $150 for four months' rent at $37.50 per month for the use and occupancy of premises No. 669 Egan street in the city of Shreveport, La., caused a writ of provisional seizure to issue, and certain household effects to be seized thereunder on premises No. 6003 Fairfield avenue of the same city. Defendant filed a motion to dissolve the writ of provisional seizure upon technical grounds, and on the same day her sister, Mrs. J. C. McDade, inter-

posed an intervention and third opposition, in which she asserted the ownership of the property seized, and prayed for its release, and damages in the sum of $1050.

The motion to dissolve the writ and the intervention and third opposition were tried, and, after the trial thereof, the whole case was submitted on the evidence as adduced, and a judgment was rendered in favor of plaintiff in the sum of $150; maintaining the writ of provisional seizure and rejecting the demands of the intervener. The defendant prosecutes a devolutive appeal, and the intervener a suspensive and devolutive appeal.

The plaintiff has moved the dismissal of intervener's appeal on the ground that the defendant has not appealed; and that the record does not disclose the value of the seized property, the ownership of which is claimed by the intervener; and that therefore this court is without jurisdiction.

The plaintiff assigns no reason for the statement that the defendant has not appealed. An examination of the record discloses that a devolutive appeal was lodged in this court on behalf of the defendant. The appeal continues to exist for the purposes of this motion, until plaintiff causes its dismissal for valid reasons assigned.

If the right of appeal on the main demand existed, whether it be exercised or not, the appeal will lie to the court having jurisdiction thereof, and not to the court having jurisdiction of the incidental demand resulting from the intervention. If the main demand is withdrawn, abandoned, or disposed of in such manner that no controversy exists with reference to it, the incidental demand, or, as in this case, the demand in intervention, becomes the main demand, and the appeal will lie to the court having jurisdiction of the main demand as thus created.

The plaintiff herein sued for and obtained judgment for $150. The defendant appealed. The main demand is for $150, which is the proper basis for establishing appellate jurisdiction in the case. The motion to dismiss the appeal is overruled. Section 1, article 7, Constitution of 1921; Succession of Mingo, 143 La. 298, 78 So. 565; Thompson v. McCausland, 137 La. 13, 68 So. 196.

It was established by a fair preponderance of the evidence, we think, that the defendant owed plaintiff for the rent claimed, that is, $150; that two days before the seizure of the household effects they were removed from the leased premises to the premises where seized, and that they were the property of the intervener, Mrs. McDade. The defendant Mrs. McCauley, in her testimony, disclaimed ownership of the household effects, which disposes of her motion to dissolve the writ of provisional seizure. She further testified that the property was placed in her possession by her sister, the intervener, at the time of the latter's marriage some five years before the institution of this suit; that from time to time her sister visited her and lived with her, but though the effects remained in her possession the title thereto remained in her sister.

The intervener testified to the same effect, and was corroborated by Mr. Snell, a furniture dealer, who testified that he had sold the intervener articles of furniture and household effects, which correspond with those seized, some seventeen years prior thereto. He did not identify the furniture, but said he believed that he could if it were shown him.

The plaintiff relies solely on the facts

that the defendant did not disclaim ownership of the household effects, nor did the intervener assert ownership thereof at the time of the seizure; and that the defendant was in possession of the property, both before and at the time of the seizure.

The claim of the intervener is suggestive of a fraudulent arrangement between her and her sister, the defendant, to defeat the privilege of the plaintiff, but fraud is never presumed, and is not established by the facts adduced in this case. Clearly the ownership of the intervener should be recognized.

As the household effects were not seized on the leased premises, the sole remaining question is whether the property of a third person is affected by a lessor's privilege after its removal from the leased premises.

It is well settled that a lessor's lien exists on goods or effects of third persons only so long as such goods or effects are on the leased premises. Article 2707, Civ. Code; Lesseps v. Ritcher, 18 La. Ann. 653; Merrick v. LaHache, 27 La. Ann. 88; Burn Planting Co. v. Goldman Landing Co., 163 La. 720, 112 So. 662.

The intervener has withdrawn her demand for damages.

For the reasons assigned, the judgment appealed from is affirmed, in so far as it was decreed therein that plaintiff have judgment against the defendant in the sum of $150, with legal interest from judicial demand until paid; but otherwise it is annulled, avoided, and reversed, and there is now judgment in favor of the intervener and against the plaintiff, recognizing her ownership of the property under seizure, and ordering it released therefrom; all costs to be borne equally by plaintiff and defendant.