LAND, Justice.
 

 This case is before us under a writ of certiorari to review the judgment rendered in this case by the Court of Appeal for the parish of Orleans.
 

 This is a suit for damages for the illegal seizure of a Hup automobile by defendant Emery R. Moore in a suit for rent brought by him against Jack Gordon in the civil district court for the parish of Orleans.
 

 The lower court and the Court of Appeal both found that the seizure was illegal.
 

 Judgment for damages was rendered in the court below in favor of plaintiff in the sum of $100, and in the further sum of $50 as attorney’s fees, as the proof showed, to the satisfaction of the trial judge, that plaintiff did not act through any malicious
 
 *1003
 
 intent, and there was ample reason for his doubting the question of plaintiff’s ownership, as the automobile seized was inventoried in the succession of Mrs. Gordon by plaintiff, one of the executors.
 

 The trial court found, however, after hearing the witnesses, that the preponderance of the proof showed that plaintiff was the owner of the automobile seized.
 

 The Court of Appeal, on the contrary, held that plaintiff had not shown that she is the owner, and that the claim for damages was made only in her individual capacity and as alleged owner.
 

 It is said in its opinion that possibly, as the possessor, she has such a claim, but that she had not sued as possessor; and that it may also be that, as one of the executors of the estate of her sister, Mrs. Gordon, plaintiff is entitled to claim damages on behalf of the estate, but that she had made no such claim.
 

 1. Mrs. Gordon, shortly before her death, announced on numerous occasions to her heirs that she desired that plaintiff, her sister, should have the Hup automobile, seized in this case, after the death of decedent.
 

 Within 7 days after her death, her heirs delivered the car to plaintiff, in order to carry out the wishes of decedent, and, at the time the car was seized, it was standing in front of the residence of plaintiff and was in her possession. It is well settled that a right of pledge does not cover property of a third person which has been removed from the leased premises, even though the seizure be made within 15 days, as in the case at bar. Merrick, Race and Foster v. La Hache, 27 La.Ann. 87; Hughes v. Caruthers, 26 La.Ann. 530; R. C.C. art. 2707.
 

 The seizure in this case was therefore illegal, as it is conceded that the Hup automobile did not belong to the community but was the separate property of Mrs. Gordon at the time of her death, and was not on the leased premises when seized.
 

 2. Plaintiff did not intervene in the seizure, under Act No. 46 of 1886, and set up title to the automobile seized by third opposition, and thereby put the question of title at issue, and subject her title to direct attack by the lessor under that act.
 

 On the contrary, she proceeded tinder Act No. 37 of 1882; made affidavit as to ownership; and, the seizing creditor having failed to file with the sheriff a bond of indemnity, the property was released to plaintiff.
 

 It is conceded in the opinion of the Court of Appeal that it was not the purpose of Act No. 37 of 1882 that the question of title to the seized property should be threshed out. It follows, necessarily, that the lessor could not have made in that proceeding a direct attack upon the title of plaintiff.
 

 Indeed, the sole attack made by the lessor in this case upon the title of plaintiff is a collateral attack. The lessor does not pretend to be a creditor of the succession of Mrs. Gordon, who owned the automobile as her separate property. She was not the tenant, and did not owe the rent sued for. Besides, if plaintiff’s taking possession of the car as owner, or if her suit for its possession, may be construed as an unconditional acceptance of Mrs. Gordon’s succes
 
 *1005
 
 sion, the result then would be merely to bind plaintiff for the debts of the succession, but the rent due the lessor was not due by decedent.
 

 The contention of the lessor that the request of Mrs. Gordon before her death that her heirs should deliver the car to plaintiff, her sister, was a mere “verbal will,” and that such dispositions have been abrogated by article 1576 of the Revised Civil Code, is purely a collateral attack on plaintiff’s title. The ultimate facts remain that the succession of Mrs. Gordon was solvent; that her heirs inherited the title to the automobile; and, after her death, delivered it to plaintiff, thereby making by manual gift a donation of the title vested in them, and not in the decedent.
 

 The heirs of Mrs. Gordon are the only persons who could successfully attack the “verbal will” in this case, as they are the only persons interested in the question of its validity vel non; and the same is true also as to the interdict, who was one of the heirs of decedent.
 

 The attack upon plaintiff’s title, being purely collateral, cannot be permitted to prevail in this case.
 

 3. In the lower court there was judgment against Moore, the lessor, for $150 damages, and he has appealed. There was also judgment dismissing the suit against the civil sheriff, and from this judgment there has been no appeal.
 

 As the seizing creditor did not act with malicious intent, we are not inclined to increase the judgment for damages in the sum of $100, awarded against him in the lower court.
 

 As it does not appear that counsel dissolved the writ of provisional seizure and claimed his fee of $50 for services therein rendered, the fee must be disallowed.
 

 It is therefore ordered that the judgment of the Court of Appeal for the parish of Orleans, dismissing plaintiff’s suit, be annulled and reversed.
 

 It is now ordered that the judgment of the civil district court for the parish of Orleans be amended by rejecting the claim for attorney’s fees in the sum of $50, and that the judgment, as amended, be affirmed.
 

 It is further ordered that defendant Emery R. Moore pay all costs of this suit.
 

 O’NIELL, C. J., is of the opinion that the judgment of the Court of Appeal should be affirmed.