## FERTITTA BROS. v. VANCHIERE et al.

### No. 1785.

Court of Appeal of Louisiana. First Circuit. Jan. 11, 1938.

D. D. Newman, of Leesville, for appellants.

Woosley & Cavanaugh, of Leesville, for appellees.

DORE, Judge.

Plaintiffs allege that they are the owners of a certain building situated in the town of Leesville; and a part of which building, they had rented to defendant Sam Vanchiere at the monthly rental of $20 per month; that in February, 1937, defendant Vanchiere was indebted unto them in the sum of $120, being the past-due rent for six months, and that they had a lessor's lien and privilege on all the property therein situated to satisfy their claim; that Richard Menefee and T. L. Miller (or the partnership of Menefee and Miller), had removed from the building, without their

consent and without the consent of the lessee, and after the building had been closed and in the possession of themselves, a certain ·Wurlitzer electric victrola, for the purpose of depriving them of their lessor's lien and privilege. Plaintiffs obtained a writ of provisional seizure, and there ·was seized a Wurlitzer electric victrola belonging to Menefee and Miller. Plaintiff prayed for service of citation upon Sam Vanchiere, Richard Menefee, and T. L. Miller, praying for judgment as against defendant Vanchiere for the sum of $120; and, as against defendants Vanchiere, Miller, and Menefee, that their lien and privilege on the seized victrola be recognized and ordered enforced in satisfaction of their lessor's lien. Defendant Vanchiere did not make any appearance; defendants Miller and Menefee appeared and admitted that plaintiffs were the owners of the building rented to Vanchiere and that Vanchiere owed plaintiffs the amount of $120 as past-due rent, but denied that plaintiffs had a lessor's lien and privilege on the victrola seized, in that the same was not on the leased premises at the time of seizure, and that the same had been transiently placed in the leased premises by them, and therefore removable at their pleasure. There was judgment in favor of plaintiff as prayed for. Menefee and Miller have appealed; and plaintiffs have answered the appeal, asking that the judgment be amended by condemning Menefee and Miller in solido with Vanchiere for the full amount of rent due.

For some time prior to the closing of the premises, Richard Menefee and T. L. Miller, or the partnership of Menefee and Miller, had placed in the leased premises an electric victrola under an agreement with the lessee whereby the lessee was to receive 40 per cent. of the proceeds taken in by this victrola, and the owners were to receive 60 per cent. The victrola was in the premises at the time the doors were closed. The plaintiffs instructed the lessee not to remove or permit the removal of anything from the premises until the rent was paid. In the latter part of February, 1937, Menefee and Miller, with the consent of the lessee, removed the instrument from the leased building through a door leading into a barbershop.

It appears from the evidence that the lessee consented to the removal of the victrola, but, according to his testimony, he was misled by Menefee and Miller in leading him to believe that they had seen the. lessor and had obtained his consent for the removal. One of the lessors testified that one of the owners of the victrola came to him about removing the instrument and that he (lessor) refused to consent to the removal unless the rent was paid. The victrola was removed to another place in the town of Leesville.

The suit was filed on March 1, 1937, and a victrola was seized in the same place whereto the removed victrola had been taken.

From the evidence there can be little doubt but that the owners of the victrola removed it from the closed premises without the consent of the lessors and for the purpose of depriving plaintiffs of their privilege thereon for the payment of the rent due by Vanchiere. Plaintiffs had a pledge on this victrola for the payment of the rent even though the instrument was the property of third persons. It had been placed in the premises with the consent of the owners and became subject to the claim of the lessors for the rent. C.C. art. 2707. If the owners removed the property from the premises by subterfuge and without the consent of the lessor in order to defeat the privilege of the lessor, the fact that the property had been removed from the building at the time of the seizure would not defeat the privilege of the lessor. The third person could not defeat the pledge and privilege of the lessor by slipping their property out of the premises, where, as in this case, it was in the constructive possession of the lessors, under their pledge, and was being held in the closed premises for the payment of the rent. To sanction such action would be to give encouragement to fraud and deception.

One of the appellants testified that an amplifier was taken out of the victrola which had been removed from the premises, and this amplifier was put in another victrola located in the Leesville Bar, the place to which the victrola was removed, and it was this latter victrola that was seized and not the actual victrola that was in the leased premises; and that the remainder of the actual victrola removed was removed to Texas and then again to Many, La., where it was destroyed by fire. This evidence was introduced without objection, and it injected a new defense. We are informed in the briefs that the trial judge held this victrola which had been seized in the Leesville Bar liable for rent on the

ground that, by placing this part of the instrument taken out of the victrola in the leased premises and putting it in the other victrola, the latter became identical with the one removed from the premises by confusion. This seems to be extending the principle of confusion too far. In our opinion, the lessor could only assert his privilege on the property of the third person which had actually been in the leased premises and had been removed therefrom by fraud and artifice.

Since the lessor in this case cannot assert his privilege on all of the property which had actually been in the leased premises and which had been removed therefrom by fraud and artifice by its owners Menefee and Miller, it is the contention of plaintiffs that the owners of the victrola are liable in tort to plaintiffs for the rent as they were guilty of a fraud in removing the instrument from the premises for the purpose of defeating the lessor's privilege thereon.

It is true that a third person, who removes property from the leased premises by subterfuge or conspiracy and for the purpose of depriving the landlord of his privilege thereon, becomes liable to the landlord in an action ex delicto for the rent claimed. Dennistoun et al. v. Malard et al., 2 La.Ann. 14, Hyman v. Hibernia Bank & Trust Co. et al., 139 La. 411, 71 So. 598, and Id., 144 La. 1074, 81 So. 718. But in this case plaintiffs have not sued Miller and Menefee ex delicto for the fraudulent removal of the victrola from the premises. The prayer of their petition is for judgment against their lessee, Vanchiere, for the amount of rent due, and the only relief prayed for against Menefee and Miller is for a recognition of the lessor's privilege on the victrola removed from the leased premises. For us to grant the relief asked for by plaintiffs in their answer to the appeal and give judgment against appellants for the amount of the rent would be ultra petitionem. We cannot give them more than they ask for in their petition.

For these reasons, the judgment appealed from is amended by restricting the lessor's privilege to the amplifier which was in the victrola removed from the premises, and, as thus amended, the judgment is affirmed; and it is further ordered that the right of plaintiffs to sue Menefee and Miller, or either of them, for the rent due on an action ex delicto, be reserved to them.