SAMUEL, Judge.
Plaintiffs, M. S. Carroll, his wife, Lucille Tinsley Carroll, and his sister, Freeda Parker, instituted this suit against the defendant, Guy G. Reine, for damages arising out of the alleged wrongful detention of plaintiffs’ property by the defendant. Following a trial on the merits there was judgment in favor of the defendant, dismissing plaintiffs’ suit. Plaintiffs have appealed.
On November 1, 1969 M. S. Carroll, as lessee, entered into a written contract of lease with the defendant-lessor. The leased property, in the Parish of St. John and known as the “raceway property”, consisted of a shed 330 feet in length and some of the surrounding land. The lease was for a term of three years and the rent was $300 per month, or $200 per month plus 5% of gross sales, whichever is higher. Rent was due on the first of each month, and if unpaid by the fifteenth the lease provided the property was to be vacated. Carroll utilized the property for storage purposes for the benefit of Lewis System Homes, Inc. pursuant to an agreement between himself and that corporation. Carroll was a stockholder in the Lewis corporation and manager of its plant on the leased premises where the corporation was engaged in the business of building prefabricated homes.
On January 14, 1970 W. S. Young Construction Company, Inc. a corporation of which Carroll was president and general manager, filed voluntary bankruptcy proceedings. Land belonging to the defendant, known as the “batture property”, had been under lease to the Young corporation since August 17, 1966 at a rental of $250 per month. At the time of the bankruptcy sale on April 9, 1970 rent in the sum of approximately $3,000 was past due. Defendant filed a claim in the bankruptcy proceeding and shared pro rata with other creditors in an amount undisclosed in this proceeding, but not sufficient to pay the entire debt. The corporate lease was at an end, and thereafter, by oral agreement, *365 Carroll utilized the batture property as well as the raceway property already under written lease to him.
Subsequent to April, 1970 on several occasions plaintiffs attempted to remove from the batture and raceway properties moveables allegedly purchased by them individually at the bankruptcy sale or otherwise owned by them, which moveables had been placed on the rented properties by the plaintiffs and allowed by them to remain there, but were prevented ' from doing so by the defendant because of the claimed fact that Carroll was in arrears in rent on both properties and because of other considerations.
The record before us is conflicting and confusing and fails to establish with' certainty many of the material facts. Some of the confusion is due to the fact that Carroll was a participant in many corporations, by his own admission more than fifteen. He was the person who represented and acted for W. S. Young in negotiating and executing the leasing of the batture property. He also represented and acted for Lewis System Homes. The record does establish that many used and frequently very old moveables, not owned by the defendant, remained on both properties, including heavy iron works, steel concrete forms, parts for buggies, bundles of iron, assorted stoves, refrigerators, truck parts, filing cabinets, hammers, drill presses, tractors, trucks, and numerous other relatively heavy items, many of which had a value only as junk. As has been pointed out, plaintiffs did attempt to go into the rented properties and remove therefrom some of the more valuable items, ownership of which they claimed, and were prevented from doing so by the defendant.
We find no need to discuss all of the testimony and evidence. As we see the problem presented, the basic and determinative question is whether there was rent due and owing for the two properties on which the moveables were located at the times plaintiffs sought to remove them.
Plaintiffs contend no rent was due. Insofar as the raceway property is concerned, Carroll admitted he was behind in the rent at the time the defendant first told him to stay off the property and remove nothing. However, he testified the rent for that property was paid in full as the result of a suit filed by the defendant against Lewis System Homes. This suit was for a sequestration and $2,600 in past due rent. It was filed on October 1, 1970 and was served on Carroll as agent for Lewis System Homes. The present defendant secured a default judgment on February 11, 1971 and the writ was satisfied April 19, 1971. We note that satisfaction was only for the rent which was due and owing through September 30, 1970. Plaintiffs also offered testimony showing or attempting to show various payments on rent for the raceway property in the form of two checks, a cash payment and credit for several moveables given to the defendant in lieu of cash.
Insofar as the batture property is concerned plaintiffs’ testimony, again by Carroll alone, is that the defendant applied these payments to back rent owed by W. S. Young when, in fact, that debt had been discharged in bankruptcy and was never the individual debt of Carroll. We are unable to find any evidence suggesting that following the W. S. Young bankruptcy Carroll or the other two plaintiffs had the right to use the batture property without the payment of any rent therefor, although Carroll did use that property after the bankruptcy and it continued to contain moveables some of which are claimed in this suit by the plaintiffs.
The defendant testified: Rental payments on both leases were continually overdue. Following the W. S. Young bankruptcy, he and Carroll entered into an oral agreement by which the latter individually leased the batture property formerly rented to W. S. Young and Carroll continued to utilize that property thereafter. He accepted moveables in lieu of cash on several occasions because Carroll and his cor *366 porations constantly were in arrears in rent, but that all payments, cash or otherwise, including the amount received as a result of his suit against Lewis System Homes never brought the rental payments up to date. He was unable to rent the properties to other interested prospects because of the use of that property by Carroll, particularly because of so many moveables on both properties, mostly junk. He had refused to permit removal of any of the moveables not only because of unpaid rent, but also because titles thereto shown to him did not correspond with identifying numbers on moveables plaintiffs proposed to take away.
The trial judge concluded that rent was due and owing on both leased properties at the time removal of moveables was sought and permission therefor refused. On the basis of the record before us, we find no error in that conclusion.
All of the payments made were not enough to cover the rent on both properties regardless of what amount of rent had been agreed upon between Carroll and the defendant for the batture. , As those payments were applied to the rent due on the batture property, quite clearly there was rent due and owing on the raceway property at all of the times plaintiffs unsuccessfully attempted to remove their various pieces of movable property.[1] Whether or not the payments applied to the batture rent were sufficient to pay the rent due on that property when the first attempt to remove was made and prevented is dependent upon whose testimony is accepted as true, that of Carroll or that of the defendant.
Carroll indicated the rent he agreed to pay for the batture was the same as that charged the prior lessee, W. S. Young Construction Co., Inc. The defendant testified the rent which Carroll agreed to pay was in an amount sufficient to enable him to recover the rent he had not received under the lease to Young Construction.
Ordinarily, Carroll’s testimony would appear to be more acceptable; in the absence of facts indicating the contrary, reasonably it could be expected that the defendant would charge, and Carroll would agree to pay, the same amount of rent called for by the lease to Young Construction. But such facts are present here. At the time the agreement was entered into Carroll was in desperate need of a place on which to keep a large amount of moveables, including those he personally owned which had been on the batture for some time and what appears to be a substantial amount purchased by him and the other plaintiffs at the bankruptcy sale. He did place' additional moveables on the leased properties and did remove many prior to defendant’s refusal to allow such removal. In addition, the defendant testified at the time in question he had a large concern, clearly solvent and dependable, which desired to rent the bat-ture property. It therefore appears to us that if he had a choice of the two, Carroll or the solvent and dependable other lessee, he would have chosen the latter and reasonably would have rented to Carroll only on the basis of receiving a greater amount of rent. Under these circumstances, we accept the pertinent testimony of the defendant as opposed to that of Carroll, as apparently did the trial judge.
The law applicable to this case is to be found in Civil Code Articles 2705, 2707 and 3218. In pertinent part, those articles read:
“The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.” LSA-C.C. Art. 2705.
“This right of pledge affects, not only the movables of the lessee and underles-see, but also those belonging to third persons, when their goods are contained in the house or store, by their own con *367 sent, express or implied.” LSA-C.C. Art. 2707.
“The right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It docs not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid.” LSA-C.C. Art. 3218.
Under these articles, particularly Article 2707 which provides the lessor’s right of pledge affects moveables belonging to third persons and the last sentence of Article 3218 which allows the lessor to retain the moveables until the delinquent rent is paid, defendant had a right to refuse to permit the removal of the moveables in suit by the plaintiffs.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. In this connection we note the record does not reveal what moveables were on the raceway property and what moveables were on the batture property.