CIACCIO, Judge.
This is an appeal from a judgment recognizing a lessor’s lien on movables of a third person seized under a writ of fieri facias after the movables had been removed from the leased premises and were stored in a warehouse.
*867 This appeal arises out of a suit by the plaintiff-lessor, Suite 5-A/B Partnership, against the defendant-lessee, Dr. Dimitri J. Filostrat, d/b/a D. J. F. Company, for past due rentals and to accelerate the future rental payments due under a written lease of the premises located at 3715 Prytania Street, Suite No. 503 in New Orleans, Louisiana. The suit also sought recognition of a lessor’s privilege on .certain movables, namely, dental equipment, located on the premises.
The facts and procedural events, which form the basis for this appeal are as follows: On March 1, 1979, Dr. Dimitri J. Filostrat, d/b/a D.J.F. Company, entered into a lease agreement with Suite 5-A/B Partnership, for the lease of Suite 503 of the Prytania Medical Complex located at 3715 Prytania Street. This lease was for a period of 36 months, with a monthly rental of $5,383.81, payable on the first of each month, together with a payment of a percentage of the condominium expense, which averaged $629.07 per month. The defendant defaulted on his obligation by failing to make the rental payments due from March through September, 1979.
On October 9,1979, the plaintiff filed suit for all past due rents and to accelerate the future rental payments due under the lease. The suit also sought to have recognized the “lessor’s privilege on all movable property of the defendant found on the leased premises and not otherwise exempt from seizure.”
The defendant filed an answer admitting all of the allegations of plaintiff’s petition and confessing judgment in favor of plaintiff. On October 30, 1979, a judgment pro confesso was entered, said judgment being amended on March 7,1980 to fully state the defendant’s name.[1] The lessor did not proceed with the enforcement of its judgment but granted a grace period to the defendant-lessee predicated upon the fulfillment of certain conditions.[2] The lessor contends that the lessee breached the agreement and, as a consequence thereof, on May 2, 1980, plaintiff-lessor allegedly requested the issuance of a writ of sequestration for the seizure of “all movables in the leased premises, Suite 503, 3715 Prytania Street, New Orleans, Louisiana.”[3]
On Saturday, May 10, 1970, the defendant, Dr. Filostrat, allegedly removed the movables from the leased premises and had them placed in storage. On May 12, 1980, the plaintiff, upon discovery of the removal, obtained a writ of fieri facias directing the Civil Sheriff to seize “all furniture, fixtures and equipment formerly contained at Suite 503, 3715 Prytania Street, New Orleans, Louisiana, removed by defendant on May 10, 1980 to storage at O.K. Storage and Transfer Co., Inc., 1901 St. Charles Avenue, New Orleans, Louisiana.” The equipment was seized pursuant to the writ.
On May 29, 1980, plaintiff filed a “rule to rank liens” directing Capital City Leasing Corporation, who was claiming ownership of the movables leased to the defendant, and City National Bank of Baton Rouge, as the holder of a chattel mortgage on the movables, to show cause why the judgment of plaintiff should not be recognized as a first and paramount lien on the movable property by reason of plaintiff’s lessor privilege. On June 9, 1980, Capital City Leasing Corporation intervened and filed a “rule to dissolve wrongful seizure”, claiming ownership of the seized dental equipment, asking for judicial recognition of its ownership, declaring invalid the lessor’s privilege asserted by the plaintiff, and asking for the dissolution of the seizure and for damages and attorney’s fees for the wrongful issuance thereof. On June 20, 1980 the district court conducted a hearing on both rules simultaneously, testimony was taken *868 and, on June 24, 1980 judgment was rendered ranking the various liens and dismissing Capital City Leasing’s action for dissolution of the alleged wrongful seizure:
The judgment and reasons for judgment read:
“IT IS ORDERED, ADJUDGED AND DECREED that the liens in these premises are ranked as follows-to-wit.
The lien of Suite 5 A/B Partnership, an ordinary Partnership’s lien is ranked 1st or highest.
The Lien of the City National Bank’s mortgages lien is ranked 2nd.
The claim of Capitol City Leasing Corporation is ranked third.”

REASONS FOR JUDGMENT
“(1) Capitol City Leasing is the owner of the equipment that was on the debtor’s premises and seized.
(2) The Mortgage the bank seeks to have recognized was a revised-or amended mortgage and placed on this equipment-recorded-after the equipment was in the debtor’s premises, therefore the landlord’s lien primes.
(3) The rule to dissolve and for damages for wrongful seizure was admittedly moot with the ranking of liens but if there is any doubt, it is hereby dismissed.”
The intervenor, Capital City Leasing Corporation, appeals suspensively and presents two basic issues for consideration: (1) May a lessor’s lien be perfected by seizure of the movables of a third party after they have been removed from the leased premises? (2) If such a seizure was wrongful is the inter-venor entitled to attorney fees and damages?
OWNERSHIP OF MOVABLES
Plaintiff-Appellee reurges in its brief the claim that Capital City Leasing Corporation is not the owner of the dental equipment nor has its ownership been judicially adjudicated in these proceedings. The issue of ownership was tried and adjudicated in the lower court.
Since no appeal was taken from this adverse judgment, nor was any answer to the appeal filed by plaintiff-appellee, it is precluded from seeking a reversal of this portion of the judgment in these proceedings. C.C.P.Art. 2133. The question of ownership cannot be reopened in this appeal, and the judgment of the lower court decreeing Capital City Leasing Corporation to be the owner of the movables is final.
VALIDITY OF LESSOR’S LIEN & PRIVILEGE
Lessor-Appellee further urges, in the event we hold that Capital City Leasing owns the seized equipment, that the lessor had a right to seize this equipment even after it left the debtor’s premises, claiming the lessor’s lien and privilege was not affected by its removal.
The articles of the Civil Code describing the lessor’s special privilege are:
“Art. 2705. The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased...”
“Art. 2706. This right of pledge includes, not only the effects of the principal lessee or tenant, but those of the under tenant, so far as the latter is indebted to the principal lessee, at the time when the proprietor chooses to exercise his right.”
“Art. 2707. This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, expressed or implied.”
“Art. 2709. In the exercise of this right, the lessor may seize the objects subject to his privilege before the lessee removes them from the leased premises, or within fifteen days after they have been removed by the lessee without the consent of the lessor, if they continue to be the property of the lessee, and can be identified. .
*869 In his Civil Law Treatise Professor Yian-nopoulas correctly states the law applicable to this appeal when he says:
“According to settled jurisprudence, the lessor’s rights of pledge and privilege on movables belonging to third persons are lost as soon as these things are removed from the premises whether with or without the consent of the lessor.” A. N. Yiannopoulos, 2 La. Civil Law Treatise 320 (1967).
In support of his conclusion, Professor Yiannopoulos cites the cases of Kupperman v. Moore, 185 La. 1000, 171 So. 104 (La., 1936); Merrick, Race & Foster v. LaHache, 27 La.Ann. 87 (La.App., Orleans, 1875); Hughes v. Caruthers, 26 La.Ann. 530 (La. App., Orleans, 1874); Lesseps v. Ritcher, 18 La.Ann. 653 (La.App., Orleans, 1866). We further cite Burn Planting Company, Inc. v. Goldman Landing Company, Inc., 163 La. 720, 112 So. 662 (La.1927) and Hinckley v. Cauley, 17 La.App. 388, 136 So. 126 (2d Cir., 1931).
In the Burn Planting Company, Inc. case, supra, 112 So. at page 663, Justice O’Neill, as the organ of the court, stated:
“It is well settled that a lien, or ‘privilege,’ as it is called in Louisiana, cannot be allowed unless it is expressly and unequivocally granted by statute; and the rule that liens or privileges are held stric-ti juris is particularly applicable when a creditor claims a lien or privilege on property belonging to one who is not the debtor, or liable for the debt.”
The Supreme Court further quoted with approval language contained in the case of Merrick, Race & Foster v. LaHache, supra, wherein the court said:
“The proper inquiry appears to be in this case, are the movables of a third person which have been in the house or store of a lessor, and while there subject to his privilege, to be considered when removed, as being in pari casu with those of a lessee if seized by the lessor within fifteen days of the removal, provided, the property continues to belong to the third person and can be identified? The article 2709 of the Civil Code is express on the subject, that in such a case the movables of a lessee may be seized, but is silent as to whether those of a third person may be seized after removal. The effects of a third person, equally with those of the lessee are, by article 2707, made subject to the lessor’s privilege, when they are by his consent contained in the house or store of the lessor. By analogy, it would seem, the privilege would continue to attach like those of the lessee, and on the same conditions for fifteen days after removal. But by the well-established rule that privileges are strieti juris, we are precluded from assuming that the effects of a third person are affected by the lessor’s privilege after their removal from his house or store. The law declares a privilege in favor of the lessor on the property of third persons, only on the conditions expressed in Article 2707 of the Code, and to those conditions we think the privilege must be restricted.”
Plaintiff-Lessor relies upon the cases of Sliman v. Fish, 177 La. 38, 147 So. 493 (La., 1933), Fertitta Bros. v. Vanchiere, 178 So. 190, (La.App., 1st Cir., 1938) and Ritchie v. White, 11 Mart. (O.S.) 239 (La., 1822) in support of its position. We do not agree that these cases are controlling in this appeal.
The Ritchie case, supra, involved an action by syndics to recover merchandise that insolvents had delivered to other parties. The language indicating that the lessor’s privilege followed property of third parties after its removal from the leased premises was dicta, as the lessor was not a party to those proceedings. Subsequent pronouncements by the Supreme Court of Louisiana in the cases of Kupperman v. Moore, supra, Burn Planting Company, Inc. v. Goldman Landing Company, Inc., supra, and Hughes v. Caruthers, supra, together with the Hinckley v. Cauley case, supra, all specifically held that the lessor’s right of pledge does not cover third person’s property removed from the leased premises before seizure whether or not the seizure was within fifteen days of removal.
*870 All of these cases were subsequent to the Ritchie case and impliedly or expressly overruled the language in the Ritchie case relied upon by appellee.
Appellee urges the validity of the seizure because the defendant-lessee was in possession of the movables at the time of the seizure, since the defendant had the equipment stored in his name at the storage company. This issue was addressed by the Court of Appeal, 2nd Circuit, in the case of Hinckley v. Cauiey, supra, where household effects claimed to be owned by a third party were moved by the lessee from plaintiff’s house to another residence occupied by the defendant-lessee at the time of the seizure. The lessee was in possession of the property both before and at the time of seizure. The court held that the lessor’s lien had been lost as it exists on goods or effects of a third person only so long as such goods or effects are on the leased premises. Hinckley v. Cauley, supra, at 127.
The case of Fertitta Bros. v. Vanchiere, supra, may be distinguished, as in that case the third party owners removed the property from the premises by subterfuge and misrepresentation practiced upon both the lessor and lessee. Plaintiff-lessors alleged that the third party owners had removed the Victrola from the building without their consent and without the consent of the lessee. The court held that the third party owner had been guilty of subterfuge in leading the lessee to believe that they had obtained the prior consent of the lessor for the removal of the Victrola and that to allow this action to defeat the lessor’s lien would give encouragement to fraud and deception. No fraud, deception, or conspiracy is alleged in this case by plaintiff-appel-lee, nor may fraud be presumed in the absence of specific allegations and proof thereof.
Finally, plaintiff-appellee relies on the case of Siiman v. Fish, supra, contending that plaintiff-appellee’s right to the equipment was perfected at the time the equipment was located on the leased premises and, therefore, defendant-lessee had no right or authority to remove the equipment without lessor’s consent. The Siiman case recognized the right of a lessor to obtain a writ of provisional seizure whether or not a specific plea for the issuance of the writ was contained in the petition. The Siiman case did not deal with property of third persons seized after removal from the leased premises but concerned property of the lessee, and is not controlling in this case.
Plaintiff-appellee urges that it had exercised every right it had to enforce its privilege against the movables before their unauthorized removal from the leased premises. This is clearly erroneous as, apparently relying upon the anticipated payment of all past due rentals during the grace period granted to lessee, lessor refrained from exercising its right to seize the movables located on the leased premises by writ of sequestration or writ of fieri facias. (Emphasis supplied). Absent a legal seizure, the judgment obtained by plaintiff-appellee in no way restrained the lessee or the third party owner from removing the dental equipment from the leased premises.
Plaintiff-appellee had notice that Capital City Leasing was claiming ownership of the property as it had on two occasions sought waivers of the lessor’s lien, both of which requests lessor declined to grant. The specific language of Article 2709 of the Civil Code contemplates that property subject to the lessor’s lien may be removed without the lessor’s consent and the lessor is given the remedy to proceed by sequestration, without bond, to prevent the removal from taking place. This action plaintiff-appellee declined to take for approximately six months after judgment had been rendered in these proceedings.
Plaintiff-appellee lost its right to seize the dental equipment owned by Capital City Leasing, Inc. once it was removed from the leased premises. Accordingly, the trial court erred in its finding that a lessor’s privilege existed against the property of intervenor. The trial court also erred in its ranking of privileges as no lessor’s privilege existed to be ranked with regard to the *871 property owned by intervenor, Capital City Leasing, Ine. Since these findings of the lower court are clearly wrong, in light of the facts of the case and the applicable law, they must be reversed. Canter v. Koehring, 283 So.2d 716 (La., 1973); Arceneaux v. Dominigue, 365 So.2d 1330 (La., 1979).
DAMAGES
Capital City Leasing Corporation argues that it should be awarded attorney fees and damages for the dissolution of a wrongful seizure.
The courts are authorized to award damages for a wrongful seizure pursuant to a writ of fieri facias. Moses v. American Security Bank of Ville Platt, 222 So.2d 899 (La.App., 3rd Cir., 1969). The aggrieved party may recover not only special damages but also general damages for the wrongful seizure. Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La., 1976); Moses v. American Security Bank of Ville Platt, supra.
Attorney’s fees, however, are only to be awarded in those instances in which they are specifically prescribed by statute. General Motors Acceptance Corp. v. Meyers, 385 So.2d 245 (La., 1980). Statutory provisions permit the award of attorney’s fees for the dissolution of improper seizures under writs of attachment and sequestration; for improvidently issued restraining orders and preliminary injunctions, and, in conjunction with the restraint of illegal seizure resulting from a writ of fieri facias. (Emphasis Supplied). C.C.P.Arts. 3506, 3608, 2298. There are, however, no provisions in law for the recovery of attorney’s fees in conjunction with a rule to dissolve a wrongful seizure of property under a writ of fieri facias. (Emphasis Supplied).
The record shows that on April 10, 1980, an agreement of lease was entered into by Capital City Leasing Corporation and Pan American Dental Services, Inc., for the lease of the dental equipment which is the subject of this litigation. The lease was for sixty (60) months at a total rental of $58,-346.55. Intervenor’s property has been held under seizure in excess of one year and it has been deprived of its possession and the revenues that would flow therefrom.
In the rule to dissolve the wrongful seizure, intervenor itemized its damages as follows:
Interference with relational interests between Capitol City Leasing Corporation and its lessee, Pan American Dental
Services, Inc. $1,000.00
Damages caused by
wrongful seizure 1.500.00
Total $2,500.00
We conclude that intervenor is entitled to be awarded as damages caused by the wrongful seizure the sum of $1,500.00.
For the reasons assigned, the judgment in rule of the district court is reversed insofar as it decrees that plaintiff-appellee holds a lessor’s lien on the movable property of the intervenor and dismisses the action of the intervenor to dissolve the wrongful seizure. The judgment of the district court is amended to award $1,500.00 damages to the intervenor-appellant for wrongful seizure. In all other respects the judgment is affirmed. All costs are to be paid by the plaintiff-appellee.
REVERSED IN PART, AFFIRMED IN PART, AND AMENDED.

. The appellant was not a party to this suit, and there is no evidence in the record that the appellant had knowledge of this action.

. The duration of the grace period and the terms of the agreement are not reflected in the record.

.Although plaintiff states that a writ of sequestration was issued to the Civil Sheriff on May 2, 1980 no evidence of the request or of the issuance of the writ is contained in the record.