LOTTINGER, Judge.
This is an appeal from a judgment recognizing a lessor’s lien on movables of a third person seized under a writ of sequestration after the movable had been removed from the leased premises.
This appeal arises out of a suit by the plaintiff-lessor, Mr. A.M. Daniel, owner and operator of Daniel Trailer Park, against defendant-lessee, Mr. William R. Griffis, Jr., for past rental payments and other obligations due under an oral lease, as well as recognition of a lessor’s privilege on a certain movable, namely, a trailer, owned by defendant, Mrs. Katherine Simmons, that was once located on the leased premises.
The facts and procedural events which form the basis for this appeal are as follows: Daniel orally leased a trailer space to Griffis on which Griffis moved his trailer. The parties agreed that Daniel would pay for the gas used in the trailer, and Griffis would reimburse Mr. Daniel at the same time he paid his rent. The rent and gas were paid timely for about three years at which time Griffis defaulted on his payments for a six month period. Mr. Griffis told Daniel of his interest to leave and that he was selling his mobile home. He even asked Daniel if he would like to purchase the mobile home.
About a week later, on April 28, 1983, Griffis advised Daniel that he had sold his mobile home and that he would pay him the past due rent, $300, and gas, $398.79, the next day at 9:00 a.m. Mr. Daniel showed up only to find that the trailer was being prepared for removal by Mrs. Katherine Simmons who purchased the mobile home on April 21, 1981. Mr. Daniel advised Mrs. Simmons of the past due rent and that she could not remove the trailer until the rent was paid. Mrs. Simmons asked if he had any written evidence of such debts which was answered in the negative. Mr. Daniel placed a notice on the trailer door that he was exercising his lessor’s privilege, filed for a writ of sequestration, and left for Grand Isle that same day. The writ was issued and an attempt to seize the trailer by the sheriff took place on April 29, 1983. It was returned unexecuted on May 13, 1983, because the serial numbers did not match.
The next day, April 30, 1983, Mrs. Simmons’ husband moved the trailer to their trailer park. Earlier in the week, he had removed the air conditioner unit without incident.
On May 13, 1983, another writ of sequestration was granted with the proper serial number, and was executed at the Simmons’ trailer park, and Mrs. Simmons was made custodian.
*505 The trial court awarded judgment against Griffis for past due rent and gas amounting to $698.79. Additionally, the court recognized the writ of sequestration.
Mr. Griffis did not appeal the decision, and thus the judgment against him is final. Mrs. Simmons did appeal the decision claiming three assignments of error, to wit:
(1) the lessor’s privilege provided by the Louisiana Civil Code cannot be enforced against the property of a third party not found on the leased premises;
(2) the district court had no jurisdiction to render judgment in rem against property belonging to a party other than the defendant-lessee; and
(3) the lessor’s privilege does not secure payment of obligations not arising under the lease.
ASSIGNMENT OF ERROR NO. 1
The pertinent articles of the Civil Code describing the lessor’s special privilege are:
“Art. 2705. The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased ...”
“Art. 2707. This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, expressed or implied.” (As this article read prior to the 1984 Amendment.)
“Art. 2709. In the exercise of this right, the lessor may seize the objects subject to his privilege before the lessee removes them from the leased premises, or within fifteen days after they have been removed by the lessee without the consent of the lessor, if they continue to be the property of the lessee, and can be identified ...”
Liens and privileges are stricti juris. A lien or privilege cannot be allowed unless it is expressly and unequivocally granted by statute. Burn Planting Company, Inc. v. Goldman Landing Company, Inc., 163 La. 720, 112 So. 662 (1927). As such, privileges on third persons’ property only take effect under the conditions expressed in Article 2707 of the code; no such rights are expressed in regard to a third party’s property removed from the leased premises. La.Civil Code 2709.
The lessor’s right of pledge does not cover third person’s property removed from the leased premises before seizure. Kupperman v. Moore, 185 La. 1000, 171 So. 104 (1936); Burn Planting Company, Inc. v. Goldman Landing Company, Inc., 163 La. 720, 112 So. 662 (1927).
Professor Yiannopoulos states in his Civil Law Treatise:
According to settled jurisprudence, the lessor’s rights of pledge and privilege on movables belonging to third persons are lost as soon as these things are removed from the premises whether with or without the consent of the lessor. A.N. Yian-nopoulos, 2 La.Civil Law Treatise, 453 (1980).
In Suite 5-A/B Partnership v. DJF Company, 417 So.2d 865 (La.App. 4th Cir.1982), Capitol City Leasing was claiming third party ownership of property that was on the leased premises and later removed. The court held that lessor lost his right to seize their property once it was removed from the leased premises. The court stated:
The specific language of Article 2709 of the Civil Code contemplates that property subject to the lessor’s lien may be removed without the lessor’s consent and the lessor is given the remedy to proceed by sequestration, without bond, to prevent the removal from taking place. (417 So.2d 870).
In the instant case, the property was sold to Mrs. Simmons and remained on the property for approximately a week. Lessor knew lessee was attempting to sell the trailer but did not perfect the seizure until after the property had been removed from the leased premises. Once removed, lessor lost his privilege.
*506 In Fertitta Brothers v. Vanchiere, 178 So. 190 (La.App. 1st Cir.1938), the lessor’s privilege remained on the third party’s property after removal. The removal was not allowed to defeat the privilege because the third party used subterfuge to remove the property. The court held to allow such activity would give encouragement to fraud and deception. In the instant case, there are no allegations of fraud, misrepresentation or ill practices, and as such they may not be presumed.
In conclusion, plaintiff-appellee lost his right to seize the trailer once it was removed from the leased premises and the trial court erred in finding that a lessor’s pledge and privilege existed against the property of Mrs. Simmons.
Assignments of Error Nos. 2 and 3 need not be reviewed.
For the reasons assigned, the judgment of the trial court is reversed insofar as it decrees that plaintiff-appellee holds a lessor’s privilege on the movable property in question. In all other respects the judgment is affirmed. All costs are to be paid by the plaintiff-appellee.
REVERSED IN PART AND AFFIRMED IN PART.