GUIDRY, Judge.
MOTION TO DISMISS
The defendant-appellant, Howard D. Manuel, has appeared in proper person to appeal an order of seizure and sale issued by the trial court in an executory proceeding.
On March 25, 1985, the plaintiff-appellee, First Federal Savings &/®>an Association of Opelousas, filed a petmon for executory process against the defendant-appellant. The trial court granted the plaintiff an order of executory process and, on March 26, 1985, issued a writ of seizure and sale ordering the Sheriff to seize and sell certain described property owned by the defendant.
On May 22,1985, the defendant’s property was sold at a sheriff's sale. Also on May 22, 1985, the defendant filed an answer to the plaintiff’s petition for exec-utory process.
On June 19, 1985, the defendant filed a motion for a new trial and to set aside the sale of his property. On June 22,1985, the defendant filed for an appeal on the Writ of Seizure and Sale issued March 26, 1985.
On September 26, 1985, this Court, ex proprio motu, issued a rule, against the defendant, to show cause why defendant’s appeal should not be dismissed on the ground that the record on appeal contained no valid appealable judgment. The defendant answered the rule contending that the appeal should not be dismissed on the ground that his house had been taken.
Although the record does not contain a valid judgment from which an appeal may be taken, the defendant has a right to contest a writ of seizure and sale, issued in an executory proceeding, by a suspensive appeal. Under an executory proceeding, the defendant/debtor may contest the order of seizure and sale either by an injunction proceeding or a suspensive appeal. Chrysler Credit Corp. v. Brown, 452 So.2d 810 (La.App. 3rd Cir.1984).
An order of seizure and sale, issued in an executory proceeding, is appealable although it is not a judgment in the technical sense. Hood Motor Company, Inc. v. Lawrence, 320 So.2d 111 (La.1975) on remand 334 So.2d 460 (La.App. 1st Cir.1976), writ denied 338 So.2d 288 (La.1976).
We find that, although the defendant had a right to suspensively appeal the order of seizure and sale, the defendant failed to timely perfect his appeal. A sus-pensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. LSA-C.C.P. Art. 2642. The trial court issued a writ of seizure and sale *785 on March 26, 1985, and the defendant did not appeal until June 22, 1985. Therefore, the defendant failed to timely perfect his appeal. Accordingly, the defendant’s appeal is dismissed at defendant’s cost.
APPEAL DISMISSED.