KLIEBERT, Judge.
Appellant, Charles L. Augustine, takes this devolutive appeal from a judgment which (1) dismissed his request for a preliminary injunction, (2) dissolved a previously issued temporary restraining order, and (3) ordered that executory proceedings issue as prayed for by appellees, Rose Ber-tucci Paciera and Paul A. Paciera, Sr.[1] We noticed ex proprio motu that the appeal appeared to be untimely and accordingly -issued a show cause order to the parties requesting that they show why the appeal should not be dismissed. Appellant having failed to convince us otherwise, we conclude the appeal is untimely and we thus lack jurisdiction to hear it.
*198 The procedural history shows that on July 15, 1985 the appellees filed executory proceedings to enforce a mortgage on property owned by appellant. An order for executory process was issued and notice of seizure and sale served on appellant, who thereafter filed a petition for a temporary restraining order and, in due course, preliminary and permanent injunctions arresting the seizure and sale. He also requested damages in the amount of $1,050,000.00. A temporary restraining order was issued and a hearing on the preliminary injunction set for May 30, 1986. On June 6, 1986, a “Judgment on Preliminary Injunction” was rendered denying appellant’s request for preliminary injunctive relief and ordering that executory process issue. Appellant’s motion for a devolutive appeal was filed August 5, 1986.
We note that the judgment dismissed only appellant’s rule for a preliminary injunction. The judgment did not dismiss nor otherwise purport to decide on that portion of the petition that requested a determination of real rights and damages. The judgment was simply a decision on the request for preliminary injunctive relief, the denial of which permitted the foreclosure proceedings to continue.[2]
A judgment relating solely to preliminary injunctive relief must be appealed within the time constraints set forth in La.C.C.P. art. 3612. See Werner Enterprises v. Westend Development Co., 477 So.2d 829 (5th Cir.1985). This article provides, inter alia, that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The present appeal was taken on August 5, 1986, well beyond the fifteen-day limitation.
Nor can the appeal be considered as from the order for executory process, for such an appeal must likewise be taken within fifteen days of the signing of the order. See La.C.C.P. art. 2642; First Federal Savings & Loan v. Manuel, 491 So.2d 783 (3rd Cir.1986).
An appellate court may dismiss an appeal on its own motion when there is no right to an appeal. La.C.C.P. art. 2161. The parties to an appeal may not waive the jurisdictional requirement that an appeal be taken timely, nor can a trial or appellate court waive this requirement. See Gil-crease v. Gilcrease, 438 So.2d 658 (2nd Cir.1983) writ denied 442 So.2d 461. Since appellant failed to appeal within the delay set by law, this court is without jurisdiction to hear this appeal. Accordingly, the appeal is dismissed at appellant’s cost.

. Paciera died while this litigation was pending. His succession representatives have been substituted as proper party plaintiffs on his behalf.

. There is no indication in the record that the parties expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction. See Federal National Mortgage Assn. v. O’Donnell, 446 So.2d 395 (5th Cir.1984). In the absence of such an agreement, the merits cannot be disposed of at a hearing on preliminary injunction. Federal National Mortgage Association v. Williams, 427 So.2d 640 (5th Cir.1983).