M. JOSEPH TIEMANN, Judge Pro Tempore.
This appeal arises from a judgment awarding defendant/plaintiff-in-reconvention, Anthony Bonura d/b/a Tony’s Trailer Park (Bonura) past due rent for a trailer lot occupied by a mobile home owned by Dixie Savings and Loan Association (Dixie). Dixie, the predecessor in interest to plaintiff/defendant in reconvention Landmark Savings Bank acquired the mobile home from a third party by virtue of a dation in paiement. Finding no error in the district court’s ruling, we affirm its judgment.
*425 In August of 1984, Edward Rivera rented a trailer lot from Bonura for a monthly rent of $100.00 and placed a mobile home on the lot. The rent was later raised to $120.00 per month. In March of 1986, Rivera informed Bonura that he planned on abandoning the mobile home because he could no longer afford the mortgage payments on it. Rivera further informed Bon-ura that the mortgage holder was Dixie. Bonura contacted Dixie to have the mobile home removed and was told that the mobile home could not be moved until the mortgage payments were six months past due. Bonura made a second request for the removal of the mobile home which was also unsuccessful. Dixie became owner of the mobile home by a dation en paiement executed on October 6, 1988. In February of 1987, several men attempted to remove the mobile home without notice to Bonura but were stopped by Bonura’s father. In October of 1987, Bonura was contacted by Dixie who offered $500.00 for past due rent. Bonura refused the offer.
Dixie initiated this suit on November 18, 1987 by filing a petition alleging conversion of the mobile home by Bonura. On March 3, 1988, Bonura answered and filed a recon-ventional demand seeking past due rent for the trailer lot occupied by the mobile home. At trial on June 17, 1988, Dixie was absent and unrepresented. The district court rendered judgment dismissing Dixie’s petition for conversion and granting Bonura’s request for past due rent. Dixie’s motion for new trial on the merits of the reconventional demand was granted by the district court on June 29, 1988. On August 3, 1988 the district court denied as untimely Dixie’s motion to amend the order for new trial to include the merits of its petition for recon-vention. Dixie then filed a second petition for conversion; Bonura filed an exception of res judicata which was granted on November 10, 1988. After trial on the merits of Bonura’s reconventional demand, the district court rendered judgment on January 30,1989 in favor of Bonura and against Dixie Savings for $120.00 per month plus legal interest from October 1986 until the full amount is paid and the house trailer is removed from Tony’s Trailer Park. Dixie now appeals.
Dixie first argues that the district court erred in not allowing it to raise the claim of conversion. The record reflects that Dixie did not file a motion to appeal the judgment dismissing its petition for conversion, the denial of its motion to amend the order for new trial or the judgment maintaining the exception of res judicata to its second petition for conversion. Dixie filed a motion for appeal on February 8, 1989, eight months after the initial judgment dismissing its conversion claim, six months after the denial of its motion to amend the new trial order and three months after the dismissal of its second petition. The motion for appeal, insofar as it requests review of those judgments, is untimely. C.C.P. art. 2123. This Court is without jurisdiction to review those judgments. Paciera v. Augustine, 506 So.2d 197 (La.App. 5th Cir. 1987).
Dixie next argues that, not having received delivery of the mobile home pursuant to the dation en paiement, it does not owe rent for the trailer lot because it was not the owner of the mobile home.
A dation en paiement is “an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.” C.C. art. 2655. To be valid, a dation en paiement requires that the thing must be delivered. C.C. art. 2656. Since “delivery” is not defined by the Civil Code Articles on dation, this Court may look to the articles governing the contract of sale for guidance. C.C. art. 2659.
Delivery is defined as “the transferring of the thing sold into the power and possession of the buyer.” C.C. art. 2477.
The delivery of movables is accomplished:
either by their real tradition, or by the delivery of the keys of the buildings in which they are kept; or, even by the bare consent of the parties, if the things can not be transported at the time of sale, or if the purchaser had them already in his possession under another title.
C.C. art. 2478.
The district court found that delivery was accomplished by the consent of the *426 parties under the particular circumstances of this case. We agree. The transferor had abandoned the mobile home three months before the dation was executed. At the time of the dation, the certificate of title was delivered by the transferor to the plaintiff. No evidence was presented at trial to suggest that plaintiff asked for or expected actual delivery. Indeed, the size and weight of the mobile home made actual delivery impractical. Also, Dixie claimed ownership of the mobile home when it instituted this suit, alleging its conversion by Bonura.
Dixie also contends that it is not liable to Bonura for rent because it was the holder of a chattel mortgage which primed any lessor’s lien to which Bonura may have been entitled and also because Bonura did not give Dixie, as mortgage holders, appropriate notice under R.S. 9:3259.1. However, the district court rendered judgment against Dixie for rent from the date that it became owner of the mobile home. Since Dixie was not held responsible for any rent accrued before it received the mobile home, the issue of whether Dixie’s chattel mortgage primed any rent due prior to that time is irrelevant.
The district court, after determining that Dixie owned the mobile home, further held that Dixie entered into a tacit lease with Bonura. While it is true that mere occupancy does not create a lessor-lessee relationship, recovery may be had on a quantum meruit basis when a fair rental value is alleged and proven. Webb v. Young, 338 So.2d 767 (La.App. 4th Cir. 1976), writ denied, 341 So.2d 419 (La.1977). Here, Bonura testified that the rental value of the lot was $120.00 per month and that he had a waiting list of persons wishing to rent trailer lots.
Dixie finally argues that even if it became obligated to pay rent from October 1986, such obligation ended in February, 1987 when Bonura refused to allow it to remove the mobile home.
C.C. art. 2002 requires an obligee to make reasonable efforts to mitigate his damages. The duty to mitigate requires that the injured party take reasonable steps to minimize the consequences of the injury. The standard by which these steps are judged is that of a reasonable man under like circumstances. Easterling v. Halter Marine, Inc., 470 So.2d 221 (La. App. 4th Cir.1985), writ denied, 472 S.o.2d 920 (La.1985). Bonura’s refusal to allow the removal of the trailer by men who had not identified themselves as agents of Dixie, particularly after his attempts to get Dixie to remove the trailer had been unsuccessful and where Dixie had not notified him of its intention to move the mobile home, cannot be construed as unreasonable. In addition, even if Dixie had informed Bonura of its intent to remove the mobile home, Bonura had the statutory right to refuse to allow its removal until the rent was paid. C.C. arts. 2705, 2707, 3218; Carroll v. Reine, 296 So.2d 364 (La. App. 4th Cir.1974), writ denied, 299 So.2d 800 (La.1974). If Bonura had allowed Dixie to remove the mobile home, he would have lost any right to enforce his statutory lessor’s privilege. Daniel v. Griffis, 479 So.2d 503 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1019 (La.1986).
For the foregoing reasons, the judgment of the trial court is
AFFIRMED.